**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAGDISH D. MUZUMDAR,) | |
| ) | |
| Plaintiff,) | |
| ) | |
| vs.) | Case No. 1:08-cv-1672 |
| ) | |
| THE PROGRESSIVE CORPORATION,) | |
| PROGRESSIVE CASUALTY) | Judge Joan B. Gotschall |
| INSURANCE COMPANY and) | |
| PROGRESSIVE SPECIALTY) | |
| INSURANCE COMPANY,) | |
| ) | |
| Defendants.) | |

## PLAINTIFF'S MOTION FOR REMAND

NOW COMES the Plaintiff, JAGDISH D. MUZUMDAR, by and through his attorneys, Amoni Law Offices, P.C., and, pursuant to 27 U.S.C.A. §1447(c), requests the Court to remand this case back to the court of the Sixteenth Judicial Circuit, Kane County, Illinois, and for the costs, expenses and attorneys' fees in preparing and arguing this Motion, and in support he states:

1.This matter should be remanded to state court since the Defendant, Progressive Specialty Insurance Company (hereinafter "Progressive"), has not shown by a reasonable probability that the amount in controversy exceeds $75,000; and thus, has not established the necessary elements of diversity jurisdiction for this matter to be adjudicated in federal court.

2.In Paragraph 5 of its Notice of Removal Petition, the Defendant makes the conclusory allegation that the amount in controversy exceeds $75,000 but it does not provide any factual support for this allegation. The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal. Campbell v. Bayou Steel Corp., 338 F.Supp.2d

896 (N.D.Ill. 2004). A defendant meets this burden by supporting his allegations of jurisdiction with "competent proof," i.e., "evidence which proves to a reasonable probability that jurisdiction exists." Id. The Defendant has failed to carry its burden in this case.

3. The Plaintiff's Complaint for Declaratory Judgment, which contains two counts, arises from the Plaintiff's underinsured motorist claim with the Defendant. **The Plaintiff's Complaint does not seek to determine coverage nor the amount of coverage** for the Plaintiff's underinsured motorist claim against the Defendant and the parties do not dispute coverage nor the amount of coverage under the insurance policy.

4. Rather, **Count I of the Plaintiff's Complaint seeks to compel the arbitration hearing** of the Plaintiff's underinsured motorist claim, which the Defendant has arbitrarily cancelled on two prior occasions, and to resolve the parties' disagreement as to whether the Plaintiff is entitled to have a videographer present for an independent medical examination pursuant to Illinois statute 735 ILCS 5/2-1003(d) and the insurance policy.

5. Furthermore, Count I asks for equitable relief and does not seek any monetary damages. The Defendant has not provided any factual support to establish the cost of their compliance with the type of equitable relief requested nor that it would exceed $75,000. See Rubel v. Pfizer, 361 F.3d 1016, 1017-20 (7th Cir. 2004).

6. **Count II of the Plaintiff's Complaint alleges a bad faith claim** against the Defendant for its vexatious and unreasonable delay in proceeding with the aforementioned arbitration hearing and seeks monetary damages "in excess of $50,000" pursuant to Illinois statute 215 ILCS 5/155. The plain language of 215 ILCS 5/155(1) limits the amount of recovery available to the Plaintiff in Count II and states in pertinent part:

> [T]he court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

Hence, this state statute caps the recoverable amount to $60,000 plus costs and attorney's fees. Thus, the Plaintiff's bad faith claims in Count II also do not exceed $75,000.

7. With regard to the aforementioned bad faith claims, the case of Wilson v. Union Security Life Insurance Company, 250 F.Supp.2d 1260 (D. Idaho 2003) supports remand of this matter to state court. In Wilson, the plaintiffs brought state court claims against their insurer, including bad faith claims, but they did not claim a specific amount of damages. Regardless, the defendant insurer sought removal of the plaintiffs' claims to federal court. In response, the plaintiffs filed a motion to remand, which the district court granted. The district court found that the Wilson defendant, like Progressive in this case, did not set forth any facts in the removal petition or submit any summary-judgment-type evidence and that the defendant speculated that the plaintiffs' claims and their request for attorneys' fees and punitive damages exceeded $75,000. The district court noted that the defendant must do more than merely point to the plaintiff's request for attorney's fees; it must demonstrate the probable amount of attorney's fees in the case. The court held that remand was proper because the defendant's unsupported assertion and conclusory allegations that the case met the jurisdictional minimum did not overcome the strong presumption against removal jurisdiction and it did not satisfy its burden of

setting forth in the removal petition itself the underlying facts supporting its assertion that the amount in controversy exceeded $75,000.

8.      Thus, the issues which must be decided are (a) the interpretation of a state statute, 735 ILCS 5/2-1003(d), which is an issue of first impression, and the timely arbitration of the plaintiff's underinsured motorist claims under the insurance policy at issue and pursuant to Illinois state law, and (b) whether the Defendant has unnecessarily delayed the arbitration of the Plaintiff's claim.  Accordingly, these issues are best decided by the state court due to the novelty of the issues and, more importantly, because the monetary amount of the Plaintiff's claims are clearly insufficient for diversity jurisdiction to obtain.

9.      Based on the information contained in the Plaintiff's Complaint and the dearth of factual support for the Defendant's assertion of diversity jurisdiction in its Petition for Removal, this Court, without hearing, should summarily remand this matter to the court of the Sixteenth Judicial Circuit, Kane County, Illinois.  See <u>Bartulica v. Paculdo</u>, 411 F.Supp.392 (W.D.Mo. 1976)(where petition for removal is clearly insufficient on its face and it appears to a certainty that removal would not be proper under any state of facts supporting the petition, remand without a hearing is permitted).

10.     If this Court grants a remand, the Plaintiff requests leave to file a Motion for Costs and Attorney's Fees and supporting documentation pursuant to 27 U.S.C.A. §1447(c) and requests the Court to award him his reasonable costs and attorney's fees incurred as a result of the removal.

WHEREFORE the Plaintiff requests the Court to grant his Motion, requests the Court to remand this case back to the court of the Sixteenth Judicial Circuit, Kane County, Illinois, pursuant 27 U.S.C.A. §1447(c) and for the costs, expenses and attorneys' fees in preparing and arguing this Motion and for other relief the Court deems appropriate.

                              AMONI LAW OFFICES, P.C.,

                              BY:_____
                                    Edward R. Peterka

AMONI LAW OFFICES, P.C,
One N. Constitution Drive
Aurora, Illinois 60506
Telephone:   (630) 264-2020
Facsimile:   (630) 801-9833
Illinois ARDC Atty. No. 6220416

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAGDISH D. MUZUMDAR, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE PROGRESSIVE CORPORATION, ) <br> PROGRESSIVE CASUALTY ) <br> INSURANCE COMPANY and ) <br> PROGRESSIVE SPECIALTY ) <br> INSURANCE COMPANY, ) <br> ) <br>     Defendants. ) | Case No. 1:08-cv-1672 <br><br> Judge Joan B. Gotschall |

**NOTICE OF FILING AND MAILING**

**TO:** **David William Porter**, Chilton Yambert Porter & Young, 2000 S. Batavia Ave., Second Floor, Geneva, IL 60134 Telephone: (630) 262-4000 Facsimile: (630) 262-1144

**Theodore C. Hadley**, Chilton Yambert Porter & Young, 150 S. Wacker Drive, Suite 2400, Chicago, IL 60606 Telephone: (312) 460-8000 Facsimile: (312) 460-8299

PLEASE TAKE NOTICE that on **April 14, 2008**, the Plaintiff, by and through his attorneys, filed the following documents with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by electronic filing, and served by electronic filing and e-mail and by U.S. mail, proper postage prepaid, upon the above-named person(s) a copy of the following documents.

1. **Plaintiff's Motion for Remand**
2. **Notice of Presentment of Motion**
3. **This Notice of Filing and Mailing**

                          AMONI LAW OFFICES, P.C.,

                          BY:_____
                              Edward R. Peterka

AMONI LAW OFFICES, P.C.
One North Constitution Drive
Aurora, Illinois 60506
Telephone:    (630) 264-2020
Facsimile:     (630) 801-9833
Illinois ARDC Atty. No. 6220416

## **CERTIFICATE OF SERVICE**

   The undersigned, upon oath, certifies that on **April 14, 2008**, I served this Notice and referenced documents by electronic filing and e-mail and by U.S. mail, proper postage prepaid, by mailing a copy to the above named person(s) at the above-mentioned address(es), and depositing same in the U.S. mail, proper postage prepaid, at 1 North Constitution Drive, Aurora, IL, before 5:00 p.m.

                        _____

Subscribed and sworn to before me on **April 14, 2008,**


_____
   Notary Public


AMONI LAW OFFICES, P.C.
One North Constitution Drive
Aurora, Illinois 60506
Telephone: (630) 264-2020
Facsimile: (630) 801-9833
Illinois ARDC Atty. No. 6220416