## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAGDISH D. MUZUMDAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cv-1672 |
| | ) | |
| THE PROGRESSIVE CORPORATION, | ) | |
| PROGRESSIVE CASUALTY | ) | Judge Joan B. Gotschall |
| INSURANCE COMPANY and | ) | |
| PROGRESSIVE SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE AND OBJECTION TO
### DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED NOTICE OF REMOVAL

NOW COMES the Plaintiff, JAGDISH D. MUZUMDAR, by and through his attorneys, Amoni Law Offices, P.C., and for his Response and Objection to the Motion for Leave to File An Amended Notice of Removal filed by the Defendant, PROGRESSIVE SPECIALTY INSURANCE COMPANY, he states as follows:

The Court should deny The Motion for Leave to File an Amended Notice of Removal filed by the Defendant, Progressive Specialty Insurance Company, because the amendments are not timely and not all of the Defendants, none of which are nominal, have timely joined or consented to the removal within the 30 day statutory period of 28 U.S.C. § 1446, and thus, both the original and the proposed Amended Notice of Removal are facially and fatally defective. Accordingly, the Court should summarily remand this case back to state court.

### Procedural Background

On February 15, 2008, the Plaintiff's complaint was filed in state court against all of the Defendants, The Progressive Corporation, Progressive Casualty Insurance Company and Progressive Specialty Insurance Company. On February 21, 2008, the complaint was mailed to the Defendants'

1

attorney, D. William Porter.  On February 28, 2008, all of the Defendants were served with a summons and the Complaint at 6300 Wilson Mills Road, Mayfield Village, Ohio, by a deputy of the Sheriff of Cuyahoga County, Ohio.  A copy of the returns for the service of process on the Defendants are attached as Exhibit 1.

Pursuant to 28 U.S.C. § 1446, the Defendants were required to file their Notice of Removal and/or consent by March 29, 2008 which is 30 days from the date of service on the Defendants.

On March 21, 2008, only the Defendant, Progressive Specialty Insurance Company, appeared and filed a Notice of Removal.  In the Notice of Removal, the attorney for this Defendant erroneously asserted that (1) the Defendants, The Progressive Corporation and Progressive Casualty Insurance Company, were not legal entities and (2) the amount in controversy, exclusive of interest and costs, exceeded $75,000.  The Notice of Removal did not state any additional facts or information concerning these two assertions.

On April 8, 2008, forty (40) days after service of summons and the complaint, the Defendants, The Progressive Corporation and Progressive Casualty Insurance Company, first appeared in this matter through its attorneys Mr. Porter and Theodore C. Hadley.  On April 14, 2008, the Plaintiff, relying on the statement in the Notice of Removal that the Defendants, The Progressive Corporation and Progressive Casualty Insurance Company, were not legal entities, objected to the removal and filed his Motion for Remand.

On April 22, 2008, fifty-four (54) days after service of summons and the complaint, the Defendant, Progressive Specialty Insurance Company, filed the Motion for Leave to File An Amended Notice of Removal which, for the first time, states that the Defendants, The Progressive Corporation and Progressive Casualty Insurance Company, are, in fact, corporations based in Ohio. The Amended Notice seeks to correct the previous misrepresentation that these Defendants are not

"legal" entities and it further asserts that these two defendants were "improperly added" to the Plaintiff's claim because they did not provide insurance coverage to the Plaintiff.

On May 1, 2008, sixty-three (63) days after service of summons and the complaint, the Defendants, The Progressive Corporation and Progressive Casualty Insurance Company, filed a Notice of Consent to Removal claiming, without any evidentiary support, that they are nominal parties.

## The Defendant's Proposed Amended Notice of Removal Seeks to Remedy a Substantive Defect and is Untimely

The Defendants, The Progressive Corporation and Progressive Casualty Insurance Company, failed to join in Progressive Specialty Insurance Company's Notice of Removal and Amended Notice of Removal or consent to removal within the 30 day statutory time period pursuant to 28 U.S.C. § 1446. Hence, this is a fatal defect in the removal procedure and it is incapable of being amended even if, *assuming arguendo*, The Progressive Corporation and Progressive Casualty Insurance Company are nominal defendants.

In order to remove a case from state court to federal court, all defendants must either join in the petition for removal or otherwise consent to removal. *Franke v. Heartland Express, Inc.*, No. 00 C 5222, 2001 WL 436214, at *1 (N.D.Ill. Apr. 27, 2001)(Gottschall) citing 28 U.S.C. § 1446(b) and *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir.1993). If not all defendants have consented, the defendant seeking removal must explain the absence of the co-defendants, and the failure to set out such an explanation renders the petition facially defective. *Franke v. Heartland Express, Inc.*, No. 00 C 5222, 2001 WL 436214, at *1 (N.D.Ill. Apr. 27, 2001)(Gottschall) citing *Shaw*, 994 F.2d at 368 (citing *Northern Illinois Gas v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir.1982)). A removing defendant may explain such absence of consent by showing that the co-defendant was not served, that the co-defendant was fraudulently joined, or that the co-defendant is a nominal party.

3

*Franke v. Heartland Express, Inc.*, No. 00 C 5222, 2001 WL 436214, at *1 (N.D.Ill. Apr. 27, 2001)(Gottschall). An action is not properly removed if all served defendants have not provided their consent to removal of this action within thirty days of service. *Id*. See also *America's Mortgage Banc, Inc. v. XEZ Inc.*, No. 06 C 4670, 2006 WL 3754986 (N.D.Ill. Dec. 18, 2006) *Thomas v. Klinkhamer*, No. 00 C 2654, 2000 WL 967984, at *3 (N.D.Ill. Jul. 10, 2000); and *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *7 (N.D.Ill. Aug. 27, 1990).

As a general rule a notice of removal may be amended under 28 U.S.C. 1653 to correct a procedural defect in removal only where a timely objection to the defect is not raised, and the right to amend is terminated once a plaintiff asserts a timely objection to the defect. *Dennison v. Shell Oil Company*, 2007 WL 4390346, at *1 (S.D.Ill. 2007) citing *Yount v. Shashek*, 472 F.Supp.2d 1055, 1062 (S.D.Ill.2006) (citing *Michaels v. New Jersey*, 955 F.Supp. 315, 321-22 (D.N.J.1996)) (failure to consent to removal is a procedural defect in removal that can be waived; thus, amendment of a notice of removal will be allowed to cure the defect when parties have failed to make a timely objection thereto); *HCA Health Servs. of Midwest, Inc. v. Rosner*, No. 89 C 2007, 1989 WL 56937, at *1 (N.D.Ill. May 26, 1989) ("Defendants argue that a removal notice which does not explain the absence of a co-defendant can be cured by an amended notice after the 30 day statutory period ends.... Defendants fail to recognize that amendments can be made to correct defective allegations of jurisdiction after the 30 day period only when the plaintiff waives the requirement. The statute mandates remand of the case absent a waiver by plaintiff."); *HCA Health Servs. of Midwest, Inc. v. Blatchford*, No. 89 C 937, 1989 WL 13171, at * 1 (N.D.Ill. Feb. 14, 1989); *Northern Ill. Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir.1982)) (holding that a notice of removal that fails to explain why certain defendants have not joined in removal "mandates

4

remand" in the absence of a waiver of the defect); *Ryals v. Marco Island Partners*, 685 F.Supp. 683, 686 (N.D.Ill.1988) (same); *Romashko v. Avco Corp.*, 553 F.Supp. 391, 392 (N.D.Ill.1983) (quoting *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir.1968)) (in an action in which a removing defendant did not explain the absence of co-defendants in the notice of removal, holding that "[t]his case must be and is remanded to [Illinois state court], for even though the action was potentially removable 'the procedure used to effect removal was defective and plaintiff did not waive the defect.' "). *Accord P-Nut Carter's Fireworks, Inc. v. Carey*, 685 F.Supp. 952, 953 (D.S.C.1988) (even assuming for the sake of argument that a defendant who failed to join in removal was merely a nominal party, the case had to be remanded to state court where the notice of removal contained no explanation of the defendant's failure to join in removal and the notice was not amended within the thirty-day period for removal under 28 U.S.C. § 1446(b)); *Mayers v. Connell, 651 F.Supp. 273, 274-75* (M.D.La.1986) (refusing to permit a removing defendant to amend a notice of removal to explain that a co-defendant which did not join in removal had not been served with process when the case was removed, so that the co-defendant's consent to removal was not required: "[T]he defendants have lost their right to remove this suit to this court unless plaintiff has waived the defect.").

This restrictive view is consistent with the traditional rule that the procedural requirements governing removal are strictly construed in favor of remand. *Dennison v. Shell Oil Company*, 2007 WL 4390346, at *1 (S.D.Ill. 2007) citing *In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir.1994) (citing *Ayers v. Watson*, 113 U.S. 594 (1885)) ("The plaintiff has a right to remand if the defendant did not take the right steps when removing[.]"); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006) ("[A] defendant seeking

removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded.").

In *Dennison*, the removing defendant Shell failed to explain the absence of joinder or consent of the other defendants in the removal of the action within the 30 day limit. *Dennison v. Shell Oil Company*, 2007 WL 4390346, at *1 (S.D.Ill. 2007). Shell attempted to provide reasons for their absence after the 30 day limit including a reason that a co-defendant was a nominal party, but the court rejected its argument and remanded the case because Shell's explanations and proposed amendments were insufficient to cure the defective notice as to the absence of the co-defendants in the notice of removal. *Id.* See also *Illinois Psychiatric Hosp. Co., Inc. v. Cook.* , No. 92 C 6373, 1992 WL 368053 (N.D.Ill. Dec. 1, 1992) (remand required when removing failed to articulate a valid reason for why co-defendant was not required to be joined in the notice of removal and that removing defendant's amended/supplemental notice of removal failed to cure the defect in the original removal petition).

Likewise, in *Fenton v. Food Lion, Inc.*, 2002 WL 1969662, at *4, *8 (W.D.Va. Aug. 23, 2002), the court determined that the removing defendant's failure to set forth any justification for the lack of consensual unanimity among the defendants in its original notice of removal was a fatal defect because the defendant needed to meet its burden **during the statutory period for removal set out by** § 1446(b). (emphasis in original) citing 28 U.S.C.A. § 1446(b); *P-Nut Carter's Fireworks, Inc. v. Carey*, 685 F.Supp. 952, 953 (D.S.C. 1988) (finding that the petitioning defendant failed to meet its burden because it failed to explain the reason that a co-defendant had not joined in the petition and did not provide a timely cure within the thirty-day period provided for by § 1446); *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F.Supp. 932, 934 (D.Md. 1997).

Like the Progressive Defendants, the removing defendant in *Fenton* also tried to argue, based in part on *Northern Illinois Gas v. Airco Indus. Gases*, 676 F.2d 270 (7th Cir. 1982), that since the co-defendants were nominal that any joinder or consent was not required or that it could be amended after the 30 day period had elapsed. The *Fenton* court then correctly interpreted the *Northern Illinois* decision and stated why it was inapplicable to the facts of the case before it:

> It is true that federal courts may look to the state record of the proceedings prior to removal for evidence that non-consenting defendants are nominal parties. *N. Ill. Gas Co.*, 676 F.2d at 273 ("In determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings.")(citations omitted). This does not suggest, however, that a court should consider whether a non-consenting defendant is a nominal party to a suit when there was no evidence in the state record or any filings to the court during the removal period to suggest that it is. In *Northern Illinois Gas Co.*, the Seventh Circuit affirmed the holding that the defendant was a nominal party, because the state record attached to the removal petition included the claim that the nonconsenting defendant was not a necessary party and should not have been named as a defendant. *N. Ill. Gas Co.*, 676 F.2d at 274.

> In *Northern Illinois Gas Co.* and *Bellone v.* [*Roxbury Homes, Inc.*, 748 F.Supp. 434 (W.D.Va 1990)] the state court records contained sufficient information for the court to determine whether the non-consenting defendant was a nominal party. Significantly, in *Northern Illinois Gas Co.*, the Seventh Circuit noted that it did not need to decide whether other factors would have justified permitting amendment of the removal petition if the record had not revealed the reason the other defendant had not joined in the removal. *N. Ill. Gas Co.*, 676 F.2d. at 274 n. 2. That is precisely the situation before this court. There is no information, either in the state record or in any documents filed to the court before the expiration of the statutory period for removal, to suggest that Delhaize or the Company are nominal parties.

*Fenton v. Food Lion, Inc.*, 2002 WL 1969662, at *4, *5 (W.D.Va. Aug. 23, 2002). Likewise, in the instant case, the Progressive Defendants have not set forth any information in the state record or in the any documents filed with the Court before the 30 day statutory period of removal that The Progressive Corporation and The Progressive Casualty Insurance Company are nominal defendants nor any information, facts or evidence to support such an assertion.

The *Fenton* court also rejected the removing defendant's submission of an affidavit as evidence that the co-defendants were nominal parties because this document was submitted more than thirty days after service of process and, therefore, were untimely and not properly before the court.  The *Fenton* court reasoned:

> As this court previously has noted, the lack of joinder or consent to the notice of removal by all codefendants represents a more significant defect than those for which amendments will be allowed after the removal period has expired.  (citations omitted).  An amendment to claim that a co-defendant should be considered a nominal party in order to obviate the need for consensual unanimity is a material and substantive amendment, not a minor technical correction of the type permitted. (citations omitted)  Because the statutory deadline has passed, and the proposed amendment sets forth a new allegation that is material and substantive, the LLC's motion to amend shall be DENIED.

*Fenton v. Food Lion, Inc.*, 2002 WL 1969662, at *4, *8 (W.D.Va. Aug. 23, 2002).  In granting the plaintiff's remand, the *Fenton* court explained the reason for strict adherence to the 30 day statutory time period:

> In 28 U.S.C.A. § 1446(b), Congress set a time period for removal. If this court were to consider substantive additions to a defective removal after this statutory period, it would undermine the Congressional intent to limit strictly the removal of cases to the federal courts.  (citations omitted)  Furthermore, without deadlines like the one set forth in § 1446, jurisdictional questions could cause endless delays before a case could be adjudicated on the merits.  The line must be drawn somewhere, and Congress has drawn it. 28 U.S.C.A. § 1446(b).

*Fenton v. Food Lion, Inc.*, 2002 WL 1969662, at *5 (W.D.Va. Aug. 23, 2002).  *See also Daniel v. Anderson County Emergency and Rescue Squad*, 469 F.Supp.2d 494 (E.D.Tenn.2007) (defendant could not amend notice of removal to cure procedural defect in its removal petition; two defendants did not join in the removal petition within the allowed time, nor did they provide timely written consent, and defendant that filed removal petition could not roll back the clock by attempting to amend its petition after the fact); *Johnson v. Nutrex Research, Inc.*, 429 F.Supp.2d 723 (D.Md.2006)

(failure to file removal notice that was joined by all defendants was not a mere technical defect that could be corrected after time for removal had expired).

In the instant case, it is undisputed that The Progressive Corporation and The Progressive Casualty Insurance Company failed to join or consent to the removal during the thirty-day statutory period. Progressive Specialty Insurance Company also failed to demonstrate, or even to suggest, to the court that the non-consenting defendants were nominal parties until after the expiration of the statutory period; instead it erroneously claimed that the co-Defendants were not legal entities. Consequently, the removing Defendant, Progressive Specialty Insurance Company, failed to meet its burden to demonstrate the propriety of the removal, and the removal remains defective.

In addition, the Notice of Consent To Removal filed by The Progressive Corporation and The Progressive Casualty Insurance Company is ineffectual to cure this fatal defect to the Defendants' removal of this case since it was filed beyond the 30 day deadline. *Dawn Carroll, Inc. v. Eastern Time Co. Inc.*, No. 97 C 876, 1997 WL 413932, at *2-3 (N.D.Ill. July 18, 1997). In *Dawn Carroll*, the Defendant Eastern filed its notice of removal within thirty days of receiving a copy of the complaint, but without the written consent of co-defendant EFS. *Id.* When alerted to this fact by Dawn Carroll's motion to remand, Eastern tried to cure its notice's defect on March 10, 1997, by filing an amendment that attached EFS's written consent to removal. *Id.* Judge Grady found that the 30 day period to file the notice of removal is mandatory and cannot be extended by the consent of the parties or court order. *Id.* Thus, the court held that Eastern's amendment to the notice of removal was not timely under § 1446(b) because the amendment was not made within thirty days after the first defendant, Eastern, was served and remanded the case to state court. *Id.*

Like the defendants in *Dawn Carroll*, the Defendants' attorney was alerted by the Court and the Plaintiff's attorney in open court on April 24, 2008 to the requirement that The Progressive

Corporation and Progressive Casualty Insurance Company needed to join or consent to the removal and subsequently filed the Notice of Consent to Removal in an attempt to cure the notice's substantive defect and address the Plaintiff's objection to the removal. Based on the above caselaw, the Defendants' consent and attempt to cure this substantive defect is untimely.

<u>**The Progressive Corporation and Progressive Casualty Insurance Company<br>Are Not Nominal Defendants**</u>

Contrary to the Defendants' assertions, The Progressive Corporation and the Progressive Casualty Insurance Corporation are not nominal parties in this litigation because they have an interest in the litigation and they clearly desire that the Plaintiff fail in his claims against them.

The burden of alleging and proving that a co-defendant is a nominal party rests with the removing party. *Franke v. Heartland Express, Inc.*, No. 00 C 5222, 2001 WL 436214, at *1 (N.D.Ill. Apr. 27, 2001)(Gottschall) citing *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815-16 (5th Cir.1993); *M.D.C. Wallcoverings v. State Bank of Woodstock*, No. 90 C 20089, 1990 WL 304189, at *3 (N.D.Ill. Sep. 10, 1990). The determination of whether a party is nominal turns on whether there is any basis for predicting that the party could be held liable. *Franke v. Heartland Express, Inc.*, No. 00 C 5222, 2001 WL 436214, at *1 (N.D.Ill. Apr. 27, 2001)(Gottschall) citing *Shaw*, 994 F.2d at 369. A nominal defendant is one who does not have any real interest in the litigation, or one against whom there is no reasonable basis for predicting liability. *Franke v. Heartland Express, Inc.*, No. 00 C 5222, 2001 WL 436214, at *3 (N.D.Ill. Apr. 27, 2001)(Gottschall) citing *Shaw*, 994 F.2d at 369 and *Selfix, Inc. v. Bisk*, 867 F.Supp. 1333, 1335 (N.D.Ill.1994).

In determining whether a party is nominal, Judge Darrah in *American Country Insurance Company v. Turner Construction* Company, No. 01 C 9561, 2002 WL 507128, at *2 (N.D.Ill. April 3, 2002), stated the following:

The Seventh Circuit, when setting forth the test to determine if a defendant is a
nominal party, has held a defendant is a nominal party if he or she "is not a real party
in interest . . . because he has no interest in the subject matter litigated. His relation
to the suit is merely incidental and 'it is of no moment [to him] whether the one or the
other side in [the] controversy succeed[s]' ". *Securities & Exchange Comm. v.
Cherif*, 933 F.2d 403, 414 (7th Cir.1991) (*Cherif*), quoting *Bacon v. Rives*, 106 U.S.
99, 104 (1882).

Accordingly, the simple test for whether party is a nominal party is whether the party has no interest

in the subject litigation. "In other words, is his relation to the present suit incidental, it is not of

concern to him whether one party or the other succeeds?" *American Country Insurance Company v.

Turner Construction* Company, No. 01 C 9561, 2002 WL 507128, at *3 (N.D.Ill. April 3, 2002).

The Defendant, The Progressive Corporation, is apparently the parent company for its

subsidiaries, Progressive Casualty Insurance Company and Progressive Specialty Insurance

Company. The Progressive Corporation is the entity listed under the "Corporate Headquarters" on

the web page for "Contact Us - Addresses- Progressive Insurance Contact Information" which is

attached as a part of Exhibit 2. See also the "Corporate and Other Executive Officers" from

Progressive's website, which is attached as a part of Exhibit 2, which further indicates the close

relationships between the three Defendants. In addition, the Defendant, Progressive Casualty

Insurance Company is the name of the entity that is stated on the first page of the actual Illinois

Motor Vehicle Policy issued to the Plaintiff (just below the certification) and is also stated on the

aforementioned web page attached as Exhibit 2. Clearly all three Defendants have interest as to the

insurance policies issued by the Defendants, including the Plaintiff's policy, and any payments made

concerning the Plaintiff's policy. Also, the business and claims practice of all of the Defendants are

very relevant to the Plaintiff's bad faith claims against them. Based on a direct participant theory of

liability, all three Defendants may be potentially liable concerning these bad faith claims regardless

of whether The Progressive Corporation is a parent holding company and the other two defendants

11

are subsidiaries. *Forsythe v. Clark U.S.A., Inc.*, 224 Ill.2d 274 (2007). See also *Esmark, Inc. v. National Labor Relations Board*, 887 F.2d 739, 753 (7th Cir. 1989). In finding that the plaintiffs could proceed on a direct participant theory of liability the Illinois Supreme Court in *Forsythe* held that:

> Where there is evidence sufficient to prove that a parent company mandated an overall business and budgetary strategy *and* carried that strategy out by its own specific direction or authorization, surpassing the control exercised as a normal incident of ownership in disregard for the interests of the subsidiary, that parent company could face liability. The key elements to the application of direct participant liability, then, are a parent's specific direction or authorization of the manner in which an activity is undertaken and foreseeability. If a parent company specifically directs an activity, where injury is foreseeable, that parent could be held liable. Similarly, if a parent company mandates an overall course of action and then authorizes the manner in which specific activities contributing to that course of action are undertaken, it can be liable for foreseeable injuries.

*Forsythe v. Clark U.S.A., Inc.*, 224 Ill.2d 274 (2007).

Hence, based on the above facts and caselaw, the Defendants, The Progressive Corporation, and Progressive Casualty Insurance Company, are not "nominal" Defendants in this matter and were required to join in the Notice of Removal or consent to removal within the 30 day statutory time period. Their failure to do so requires the remand of this matter to state court.

### The Defendant's Amendment Concerning the Amount In Controversy is Untimely

Finally, the proposed Amended Notice of Removal, specifically Exhibit 3, seeks to submit further information to buttress the Defendants' claim that the amount in controversy is satisfied in this case. This amendment is also untimely and should be denied and stricken based on *Fuller v. Exxon Corporation*, 131 F.Supp.1323, 1328-29 (S.D.Ala. 2001). In *Fuller*, the district court rejected defendant Exxon's amendments to its notice of removal in order to meet the amount in controversy requirement and held that the amendments were beyond the 30 day statutory period and that they were attempting to remedy a substantive, rather than a technical, defect. *Id*. The court, in

12

remanding the case to state court, further held that 28 U.S.C. §1653 does not allow the removing party to assert additional grounds of jurisdiction that were not included in the original notice of removal. *Id.*

WHEREFORE the Plaintiff requests the Court to deny the Defendant's Motion for Leave to File an Amended Notice of Removal since it is untimely and equally defective as the original notice and he further requests the Court to summarily grant his Motion to Remand and remand this case back to the court of the Sixteenth Judicial Circuit, Kane County, Illinois, pursuant 27 U.S.C.A. §1447(c) and for the costs, expenses and attorneys' fees in preparing and arguing this Motion and for other relief the Court deems appropriate.

AMONI LAW OFFICES, P.C.,


BY:___/s/  Edward R. Peterka_____
                    Edward R. Peterka

AMONI LAW OFFICES, P.C,
1975 W. Downer Place, Suite 301
Aurora, Illinois 60506
Telephone:     (630) 264-2020
Facsimile:     (630) 264-2220
Illinois ARDC Atty. No. 6220416



Gerald T. McFaul
County Sheriff

CIVIL BRANCH
Marion Wintucky
Chief Deputy

A REFUND CHECK WILL FOLLOW IN APPROXIMATELY 14 DAYS.

JUSTICE CENTER
1215 WEST 3RD STREET
CLEVELAND, OHIO    44113

RECEIVED MAR - 5 2008

Justice Center, 1215 West 3rd Street, Cleveland, Ohio 44113, (216) 443-5585
SHMJW@www.cuyahoga.oh.us

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. 08 MR K 145

| JAGDISH D. MUZUMDAR | THE PROGRESSIVE CORPORATION, et al. |
|---|---|
| Plaintiff(s) | Defendant(s) |

SERVE THIS DEFENDANT AT:

Name: The Progressive COrporation

Address: 6300 Wilson Mills Road

City, State & Zip: Mayfield Village, OH 44143

⑨

Amount Claimed $ 50,000.00

| | |
|---|---|
| Pltf. Atty Edward R. Peterka | Add. Pltf. Atty |
| Atty. Registration No. 6220416 | Atty. Registration No. |
| Address One N. Constitution Drive | Address |
| City, State and Zip Aurora, Il 60506 | City, State and Zip |

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☑ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, _Feb 15, 08_ (date)

_____
Clerk of Court

Form 166-A (7/01)                    Original - Clerk

Case No. _____

### SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)
    By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):
    By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):
    By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| THE PROGRESSIVE CORP | LEGAL DEPT. | 2-26-08 |
| | | |
| | | |

(d) - (Other service):

Ray E Ripka
Signature
RAYMOND REPRO

| SERVICE FEES | |
|---|---|
| Service and return | $ 6.00 |
| Miles | 20.50 |
| Total | $ 26.50 |

☑ Sheriff of ___CUYAHOGA___ County
☐ Special Process Server

Sheriff of ___CUYAHOGA___ County
☐ By _____, Deputy

☐ Special Process Server
   (See Order of Appointment in file)

Form 166-Abk (8/00)                    Original - Clerk

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. '08 MR K 145

| JAGDISH D. MUZUMDAR | THE PROGRESSIVE CORPORATION, et al. | |
|---|---|---|
| Plaintiff(s) | Defendant(s) | |

SERVE THIS DEFENDANT AT:

Name: Progressive Specialty Insurance

⑨

Address: 6300 Wilson Mills Road

City, State & Zip: Mayfield Village, OH 44143

File Stamp

Amount Claimed $ 50,000.00 +

| Pltf. Atty Edward R. Peterka | Add. Pltf. Atty |
|---|---|
| Atty. Registration No. 6220416 | Atty. Registration No. |
| Address One N. Constitution Drive | Address |
| City, State and Zip Aurora, Il 60506 | City, State and Zip |

## SUMMONS

To the above named defendant(s):

☐　A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☑　B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐　C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, _Feb 15, 08_ (date)

_Dra Seyller_ 15

Clerk of Court

Form 166-A (7/01)　　　　　　　　　　Original - Clerk

Case No. _____

**SUMMONS (CONT.)**

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)
    By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):
    By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):
    By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| PROGRESSIVE SPECIALTY INS | LEGAL DEPT | 2.28.08 |
| | | |
| | | |

(d) - (Other service):

_____
Signature

| SERVICE FEES | | |
|---|---|---|
| Service and return | $ | 6.00 |
| Miles | | 20.50 |
| Total | $ | 26.50 |

☑ Sheriff of _CUYAHOGA_ County
☐ Special Process Server

Sheriff of _CUYAHOGA_ County
☐ By _RAYMOND REFRO_ , Deputy

☐ Special Process Server
    (See Order of Appointment in file)

Form 166-Abk  (8/00)                    Original - Clerk

**IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT**
**KANE COUNTY, ILLINOIS**

Case No.

| JAGDISH D. MUZUMDAR | THE PROGRESSIVE CORPORATION, et al. |
|---|---|
| Plaintiff(s) | Defendant(s) |

SERVE THIS DEFENDANT AT:

Name: Progressive Casualty Insurance Company

Address: 6300 Wilson Mills Road

City, State & Zip: Mayfield Village, OH 44143

File Stamp

Amount Claimed $ 50,000.00

| Pltf. Atty Edward R. Peterka | Add. Pltf. Atty |
|---|---|
| Atty. Registration No. 6220416 | Atty. Registration No. |
| Address One N. Constitution Drive | Address |
| City, State and Zip Aurora, Il 60506 | City, State and Zip |

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☑ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, Feb 15, 08 _____ (date)

_____
Clerk of Court

Form 166-A (7/01)                                    Original - Clerk

Case No. _____

## SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)
By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):
By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| Progressive Casualty Ins Co | LEGAL DEPT. | 2 28 08 |
| | | |
| | | |

(d) - (Other service):

_____
Signature

| SERVICE FEES | |
|---|---|
| Service and return | $ 6.00 |
| Miles | 20.50 |
| Total | $ 26.50 |

☑ Sheriff of CUYAHOGA County
☐ Special Process Server

Sheriff of CUYAHOGA County
☐ By RAYMOND PEPKO , Deputy

☐ Special Process Server
(See Order of Appointment in file)

Form 166-Abk (8/00)                    Original - Clerk

**PROGRESSIVE**

# ADDRESSES

- Print
- Send Page
- Link to
- Bookmark

**Corporate Headquarters**

The Progressive Corporation
6300 Wilson Mills Road
Mayfield Village, Ohio 44143

**Investor Relations**

The Progressive Corporation
Investor Relations
6300 Wilson Mills Road
Box W33
Mayfield Village, Ohio 44143

user ratings
user questions

 *It's about you. And it's about time.*

Find this article at:

http://www.progressive.com/address.aspx

Copyright 1995-2008. Progressive Casualty Insurance Company. All Rights Reserved
**We're Here 24/7. Call 1-800-PROGRESSIVE.**



## CORPORATE & OTHER EXECUTIVE OFFICERS

Corporate Officers

**Glenn M. Renwick**
Born: 5/1955

President and Chief Executive Officer; President, Chairman of the Board and Chief Executive Officer of Progressive Casualty Insurance Company, the principal subsidiary of the Registrant, prior to April 2004

**Brian Domeck**
Born: 4/1959

Vice President and Chief Financial Officer beginning in March 2007; Demand Manager for the Direct Business from April 2003 through December 2006; Senior Controller for the Agency Business prior to April 2003

**Charles E. Jarrett**
Born: 4/1957

Vice President, Secretary and Chief Legal Officer

**Thomas A. King**
Born: 2/1960

Vice President; Treasurer since April 2003; Investment Strategist prior to April 2003

**Jeffrey W. Basch**
Born: 5/1958

Vice President; Chief Accounting Officer

**Peter B. Lewis**
Born: 11/1933

Non-executive Chairman of the Board

**Mariann Wojtkun Marshall**
Born: 3/1962

Assistant Secretary since April 2008; Senior Manager of Financial Reporting

Back to Top

Other Executive Officers

Progressive Auto Insurance - Corporate and Other Executive Officers

**John Barbagallo**
Born: 9/1959

Commercial Lines Group President since September 2007; Agency Group President from May 2006 to September 2007; Agency Business General Manager of the Atlantic Region from January 2005 to May 2006; Agency Business General Manager of the Great Plains Region from March 2003 through December 2004; Director of Product Research and Development for the Agency Business prior to March 2003

**Lawrence W. Bloomenkranz**
Born: 7/1957

Chief Marketing Officer since April 2006; Vice President of Brand Management, Advertising and Sponsorships of United Parcel Service prior to April 2006

**William M. Cody**
Born: 6/1962

Chief Investment Officer since February 2003; Portfolio Manager prior to February 2003

**Susan Patricia Griffith**
Born: 10/1964

Claims Group President since March 2008; Chief Human Resource Officer prior to March 2008

**John P. Sauerland**
Born: 7/1964

Personal Lines Group President since September 2007; Direct Group President from June 2006 to September 2007; Claims General Manager of the Midwest Region prior to June 2006

**Raymond M. Voelker**
Born: 8/1963

Chief Information Officer

Back to Top

(Unless otherwise indicated, the executive officer has held the position(s) indicated for at least the last five years.)

Last updated: April 28, 2008



Find this article at:

Copyright 1995-2008. Progressive Casualty Insurance Company. All Rights Reserved.
**We're Here 24/7. Call 1-800-PROGRESSIVE.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAGDISH D. MUZUMDAR,            )
                                )
          Plaintiff,            )
                                )
vs.                             )        Case No. 1:08-cv-1672
                                )
THE PROGRESSIVE CORPORATION,    )
PROGRESSIVE CASUALTY            )
INSURANCE COMPANY and           )        Judge Joan B. Gotschall
PROGRESSIVE SPECIALTY           )
INSURANCE COMPANY,              )
                                )
          Defendants.           )

### NOTICE OF FILING AND MAILING

TO:   **David William Porter**, Chilton Yambert Porter & Young, 2000 S. Batavia Ave., Second
      Floor, Geneva, IL 60134 Telephone: (630) 262-4000 Facsimile: (630) 262-1144

      **Theodore C. Hadley**, Chilton Yambert Porter & Young, 150 S. Wacker Drive, Suite
      2400, Chicago, IL 60606 Telephone: (312) 460-8000 Facsimile: (312) 460-8299

      PLEASE TAKE NOTICE that on **May 8, 2008**, the Plaintiff, by and through his
attorneys, filed the following documents with the Clerk of the United States District Court for the
Northern District of Illinois, Eastern Division, by electronic filing, and served by electronic filing
and e-mail and by U.S. mail, proper postage prepaid, upon the above-named person(s) a copy of
the following documents.

1.    **Plaintiff's Response and Objection to Defendant's Motion for Leave to File An
      Amended Notice of Removal**

2.    **This Notice of Filing and Mailing**

                                        AMONI LAW OFFICES, P.C.,

                                        BY: _____
                                                 Edward R. Peterka

AMONI LAW OFFICES, P.C.
1975 W. Downer Place, Suite 301
Aurora, Illinois 60506
Telephone:   (630) 264-2020
Facsimile:   (630) 264-2220
Illinois ARDC Atty. No. 6220416

## CERTIFICATE OF SERVICE

The undersigned, upon oath, certifies that on **May 8, 2008**, I served this Notice and referenced documents by electronic filing and e-mail and by U.S. mail, proper postage prepaid, by mailing a copy to the above named person(s) at the above-mentioned address(es), and depositing same in the U.S. mail, proper postage prepaid, in, Aurora, IL, before 5:00 p.m.

*Molly J. Miller*

Subscribed and sworn to before me on **May 8, 2008,**

*Bessie Schwartz*
Notary Public

OFFICIAL SEAL
BESSIE L SCHWARTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/18/09

AMONI LAW OFFICES, P.C.
1975 W. Downer Place, Suite 301
Aurora, Illinois 60506
Telephone:    (630) 264-2020
Facsimile:    (630) 264-2220
Illinois ARDC Atty. No. 6220416