**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAGDISH D. MUZUMDAR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1672 |
| | ) | Honorable Joan Gottschall |
| v. | ) | Honorable Brown |
| | ) | |
| THE PROGRESSIVE CORPORATION, | ) | |
| PROGRESSIVE CASUALTY INSURANCE | ) | |
| COMPANY and PROGRESSIVE SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | Matter removed from the Illinois |
| | ) | 16th Judicial Circuit, Kane County |
| Defendants. | ) | 08 MR K 145 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR**
**LEAVE TO FILE ITS AMENDED NOTICE OF REMOVAL**

NOW COMES the Defendant and removing party, PROGRESSIVE SPECIALTY INSURANCE COMPANY ("PROGRESSIVE SPECIALTY") by its attorneys, CHILTON YAMBERT & PORTER LLP, and in support of its Motion for Leave to File an Amended Notice of Removal, submits this Reply to Plaintiff's Response.

**I.   FACTS**

Defendant, PROGRESSIVE SPECIALTY, issued an automobile insurance policy (the "Policy") to Plaintiff JAGDISH D. MUZUMDAR ("Muzumdar") identified as policy number 50014863-4 and effective August 1, 2003 to August 1, 2004.  On March 26, 2004 Muzumdar was involved in an automobile incident which caused Muzumdar to suffer bodily injury. According to Muzumdar, the third party who caused his injury did not have sufficient insurance coverage to fully compensate him for the injury he suffered.  Muzumdar then sought underinsured motorist ("UIM") coverage benefits from his insurance carrier, PROGRESSIVE SPECIALTY.

During the process of trying to resolve Muzumdar's UIM claim, a dispute arose between Muzumdar and his carrier, PROGRESSIVE SPECIALTY. Muzumdar filed a Complaint (the "Complaint") in the Illinois Sixteenth Judicial Circuit, Kane County. A copy of the Complaint is attached to the original Notice of Removal as Exhibit C. Further, the Policy is attached to the Complaint as Exhibit 1. [Facts set forth in this and the preceding paragraph can be found in the Complaint and the Policy, which are part of the record of this case.]

The Complaint seeks to compel the arbitration hearing that is mandated in the UIM provisions of the Policy [Complaint, Count I] and damages for bad faith claim handling [Complaint, Count II]. The causes of actions are based on the obligations in the Policy and the handling of the claim pursuant to those Policy obligations.

The attorney for PROGRESSIVE SPECIALTY received the Complaint via mail on February 21, 2008. [Notice of Removal ¶ 3.] On March 21, 2008, PROGRESSIVE SPECIALTY filed the Notice of Removal in this Honorable Court. The Notice of Removal:

i) detailed the complete diversity of Muzumdar and PROGRESSIVE SPECIALTY. [Notice of Removal ¶ 6];

ii) informed the Court that the amount in controversy exceeded the jurisdictional limit. [Notice of Removal ¶ 5]; and

iii) informed the Court as to the status of the other defendants, asserting the other defendants were not legal entities. [Notice of Removal ¶ 3].

The Notice of Removal contained an error. Due to a miscommunication between PROGRESSIVE SPECIALTY and its attorney, the Notice of Removal incorrectly asserted that the other named Defendants, THE PROGRESSIVE CORPORATION ("Progressive") and PROGRESSIVE CASUALTY INSURANCE COMPANY ("Progressive Casualty") were not

2

legal entities. [Notice of Removal ¶ 3.] In fact, Progressive and Progressive Casualty are viable, legal entities. [Exhibit 2 to the proposed Amended Notice of Removal and Defendants' Rule 7.1 Disclosure Statement.]

On or about April 9, 2008, after Defendants' attorneys discovered the error, but within 30 days of filing the Notice of Removal, Defendants' attorney called and informed Muzumdar's attorney of the mistake and stated that an Amended Notice of Removal would be filed. Muzumdar's attorney did not indicate any objection to the Amended Notice of Removal.

Muzumdar filed a Motion to Remand on April 14, 2008. The sole basis of the Motion to Remand was that PROGRESSIVE SPECIALTY did not adequately allege facts to support the assertion that the dispute was in excess of the $75,000 jurisdictional minimum. [Motion to Remand.]

On April 22, 2008, PROGRESSIVE SPECIALTY filed a Motion for Leave to File an Amended Notice of Removal. Attached to the Motion for Leave was a copy of PROGRESSIVE SPECIALTY's proposed Amended Notice of Removal. The proposed Amended Notice of Removal:

i) detailed the complete diversity of Muzumdar and PROGRESSIVE SPECIALTY, Progressive and Progressive Casualty. [proposed Amended Notice of Removal ¶¶ 8 and 10];

ii) informed the Court that the amount in controversy exceeded the jurisdictional limit by providing a letter with Muzumdar's demand for the $500,000 policy limit and Muzumdar's answers to interrogatories asserting wage loss of $200,000. [proposed Amended Notice of Removal ¶¶ 5, 11, and 12 and exhibits 3 and 4]; and

3

    iii)    informed the Court as to the status of the other defendants, asserting the other defendants were nominal parties because they did not issue the Policy to Muzumdar, they did not provide UIM coverage to Muzumdar, and therefore would have no liability under the Policy to Muzumdar. [proposed Amended Notice of Removal ¶ 9].

On April 24, 2008, this Honorable Court directed the parties to first brief PROGRESSIVE SPECIALTY's Motion for Leave to File an Amended Notice of Removal. On May 5, 2008 Muzumdar filed Plaintiff's Response and Objection to Defendant's Motion for Leave to File an Amended Notice of Removal (the "Response"). In the Response, Muzumdar objects to removal based on failure of all defendants to timely consent to removal [Response argument starting pg. 3] and based on failure to timely plead the jurisdictional amount in controversy [Response argument starting pg. 12].

## II.    <u>MOTION TO AMENDMENT AND MOTION TO REMAND</u>

In his Response, Muzumdar opposes the filing of the Amended Notice of Removal, but also broadly argues for remand. Muzumdar asserts two broad issues in his Response: 1) that the original Notice of Removal did not properly assert the jurisdictional minimum amount and that the defect cannot be corrected, and 2) a new assertion that all defendants failed to join or consent to the removal. The second issue, concerning defendants' "unanimity" is an argument for remand and not a reason to oppose the amendment. Not once in the Response does Muzumdar assert that Progressive and Progressive Casualty are "not legal entities," as asserted in the original Notice of Removal. [Notice of Removal ¶ 3.] While he opposes the filing of the Amended Notice of Removal, Muzumdar argues the issue of defendants' "unanimity" as if the

Amended Notice is already before this Court.  PROGRESSIVE SPECIALTY will address each of the issues presented by Muzumdar, but asserts that a significant portion of Muzumdar's Response is actually a Motion to Remand the Amended Notice of Removal.

### III. AMENDMENT OF THE "DEFECTIVE" JURISDICTIONAL AMOUNT IN CONTROVERSY SHOULD BE ALLOWED PURSUANT TO 28 U.S.C. §1653

Defective allegations of jurisdiction may be amended, upon terms, in the trial … court. 28 U.S.C §1653.  Section 1653 applies to removed actions as well as those commenced in the district courts.  Barrow Development Co. v. Fulton Ins. Co., 418 F. 2d 316 (9th Cir. 1969) and Poulos v. Naas Foods, Inc., 959 F. 2d 69 (7th Cir. 1992) *see n. 1* (recognizing that Section 1653 permits a defendant to correct defective allegations of subject matter jurisdiction in a notice of removal).  Section 1653 is to be liberally construed.  Miller v. Stanmore, 636 F. 2d 986 (5th Cir. 1981), McGovern v. American Airlines, Inc., 511 F. 2d 653 (5th Cir. 1975) *reh'ring denied* 514 F. 2d 1072 (1975).

The Barrow Development case discusses the ability to amend a notice of removal in light of the 30 day requirement set forth in 28 U.S.C. §1446.  A removal petition cannot be amended after the 30 day period to add allegations of substance, but can be amended to clarify or modify "defective" allegations previously made.  Barrow Development, 418 F. 2d at 317.  In Barrow Development the removing party asserted diversity jurisdiction and alleged the states of citizenship of the corporate parties.  The Barrow Development court allowed an amendment to clearly establish the states of incorporation and the principle places of business for the parties.  Numerous other cases have held that defective allegations may be amended.  Firemen's Insurance Co. of Newark, N.J. v. Robbins Coal Co., 288 F. 2d 349 (5th Cir. 1961) *cert. denied*

5

368 U.S. 875, 82 S.Ct. 122 (1961) allowed an amendment to clarify the states of incorporation and the principle places of business for the parties. Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866 (N.D.Cal. 1992) allowed the amendment of the dates of residency to establish diversity. D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F. 2d 145 (5th Cir. 1980) allowed an amendment to clarify the removing parties principle place of business. Harmon v. OKI Systems, 115 F. 3d 477 (7th Cir. 1997) *cert. denied* 522 U.S. 966, 118 S.Ct. 413 (1997) allowed an amendment to clarify citizenship as opposed to residency; and to provide facts that supported the jurisdictional amount in controversy. Similarly, in this matter PROGRESSIVE SPECIALTY seeks to amend to clarify the Notice of Removal as it pertains to the jurisdictional amount in controversy.

PROGRESSIVE SPECIALTY seeks to remove Muzumdar's case based on this Court's diversity jurisdiction. 28 U.S.C. §1332. In its Notice of Removal, PROGRESSIVE SPECIALTY asserted that "The amount in controversy, exclusive of interest and costs, exceeds $75,000." [Notice of Removal ¶ 5.] In his Motion for Remand and again in the Response, Muzumdar challenges whether the removed case exceeds this Court's minimum jurisdictional limit. Failure to meet the Court's minimum jurisdictional limit would deprive this Court of subject matter jurisdiction and Muzumdar can challenge subject matter jurisdiction at any time. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510 (1884).

Again, PROGRESSIVE SPECIALTY did plead that the matter was in excess of $75,000. [Notice of Removal ¶ 5.] PROGRESSIVE SPECIALTY asserted the jurisdictional minimum amount. Such pleading may be "inartful," but there was not a failure to address the issue. PROGRESSIVE SPECIALTY now seeks to amend and supplement its "inartful" or "defective" allegation by providing documents to clarify that the amount in issue exceeds $75,000. [proposed

6

Amended Notice of Removal ¶¶ 5, 11, and 12 and exhibits 3 and 4 thereto.][1]  The case law and 28 U.S.C §1653 allow the amendment of this inartful pleading and allows.

In further support of its position, PROGRESSIVE SPECIALTY relies on the case of Harmon v. OKI Systems, 115 F. 3d 477 (7th Cir. 1997) *cert. denied* 522 U.S. 966, 118 S.Ct. 413 (1997).  In Harmon, the removing party did not even mention that more than $50,000 (the then jurisdictional minimum) was at stake in its notice of removal. 115 F. 3d 478.  The trial court allowed amendment and allowed the removing party to rely on pleadings in the case, such as interrogatories, to establish the amount in controversy. Harmon, 115 F. 3d 478.  The appellate court upheld the trial court's action and stated that allowing the amendment of the notice of removal was proper.  The Court held that the trial court as not bound to look only at the notice of removal when remand is sought. Harmon, 115 F. 3d 479.  The Seventh Circuit allowed the amendment of a notice of removal to provide clarification concerning whether the amount in controversy exceeded the jurisdictional minimum.

In his Response, Muzumdar relies on the case of Fuller v. Exxon Corp., 131 F. Supp. 2d 1323 (S.D.Ala. 2001) to state that a removing party may not amend its allegations of damages. PROGRESSIVE SPECIALTY first asserts that the Fuller case is not precedential for this Court, especially in light of the Seventh Circuit holding in Harmon.  Further, the Fuller case is distinguishable from the case at bar.  The Fuller case cites the standard language about the amendment of a notice of removal:

> After the thirty day period [of 28 U.S.C. §1446] has expired however, a party may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. §1653. Section 1653 does not permit the removing party to assert additional grounds of jurisdiction not included in the original pleading. (*citations omitted*) [T]he notice

---

[1] The lack of more factual pleading is because the Defendant's attorney did not anticipate that the Plaintiff's attorney, who had demanded $420,000 to settle the claim and asserted lost wage damages of $200,000, would dispute that the amount in controversy exceeded $75,000.

may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. [131 F. Supp. 2d 1327-1328]

The Fuller court denied the removing party's attempt to amend because it found that removing party's amendment was a different theory (the theory of damage aggregation) to support its jurisdictional argument. 131 F. Supp. 2d 1329. The "new theory of damage" was ***not*** providing more specificity to the allegations made in its original pleading, so the amendment was time barred.

In contrast to Fuller, PROGRESSIVE SPECIALTY is not offering a new theory of damages or new grounds for jurisdiction. PROGRESSIVE SPECIALTY's amendment "set[s] out more specifically the grounds for removal that already have been stated." PROGRESSIVE SPECIALTY's amendment concerning damages simply adds facts to the already plead allegation.

For the foregoing reasons, this Honorable Court should allow the filing of PROGRESSIVE SPECIALTY's proposed Amended Notice of Removal concerning the allegations of damages.

### IV. **MUZUMDAR'S OBJECTION BASED ON DEFENDANT'S UNANIMITY IS UNTIMELY**

In his Response, Muzumdar objects to the removal of this case due to the failure of all Defendants to join or consent to the removal. Muzumdar failed to assert this objection in his Motion for Remand. The objection for lack of defendant "unanimity" is a non-jurisdictional issue. Intercoastal Refining Co., Inc. v. Jalil, 487 F. Supp. 606 (D.C.Tex. 1980).

Any non-jurisdictional objection to removal must be brought within 30 days of the filing of the notice of removal. 28 U.S.C. §1447(c) and <u>Wisconsin Department of Corrections v. Schacht</u>, 524 U.S. 381, 118 S.Ct. 2047 (1998). Filing a timely motion to remand does not preserve the right to bring non-jurisdictional objections after the 30 day period of Section 1447 expires. <u>Davis v. Ciba-Geigy Corporation</u>, 958 F. Supp. 264 (M.D.La. 1997). Raising a non-jurisdictional objection for the first time in a reply brief to support a motion to remand was not valid if the objection is made after the 30 day period set forth in Section 1447(c). <u>Boya v. U.S. Bank, N.A.</u>, 446 F. Supp. 2d 926 (S.D.Ill. 2006). One court has determined it is even precluded from hearing a non-jurisdictional objection to removal after the 30 day period expires. <u>Winners Corporation v. LaFayette Life Insurance Co.</u>, 734 F. Supp. 812 (1989).

In this matter, PROGRESSIVE SPECIALTY filed its Notice of Removal on March 21, 2008. Muzumdar filed his Motion to Remand on April 14, 2008, within the Section 1447(c) prescribed period. In the Motion to Remand, however, Muzumdar does not raise the issue of lack of Defendants' joinder or consent to the removal. Muzumdar filed his Response on May 8, 2008, and for the first time asserted the lack of Defendant "unanimity." Muzumdar's objection to the lack of "unanimity" is untimely, having been raised for the first time 48 days after the Notice of Removal was filed. Muzumdar has waived the objection of the lack of Defendants' "unanimity" by not asserting it within the time period required by 28 U.S.C. §1447(c).

The case of <u>Davis v. Ciba-Geigy Corporation</u>, 958 F. Supp. 264 (M.D.La. 1997) is very similar to the case at bar. In <u>Davis</u>, a defendant timely removed and the plaintiffs filed a timely motion to remand asserting lack of the court's jurisdiction. In its reply memorandum to support the motion to remand, plaintiffs first raised the issue of the failure of all defendants to consent to

9

the removal.  The reply memorandum was filed more than 30 days after the notice of removal, and the Davis court held that the issue of all defendants' consent was waived.

Here, just like in Davis, Muzumdar filed a timely Motion to Remand challenging this Court's jurisdiction.  Just like in Davis, Muzumdar first raised the issue of lack of consent by all the Defendants in a subsequent pleading, after the Section 1447(c) time limit had expired.  Just like in Davis, Muzumdar waived the objection concerning the Defendants' "unanimity" by not raising the issue in a timely manner.

### V.  NON-JOINING DEFENDANTS ARE NOMINAL PARTIES

Even *if* Muzumdar had not waived his objection concerning defendants' "unanimity," it would not matter because the two non-moving Defendants, as nominal parties, did not need to join or consent to removal.  An exception to the rule that all defendants need to join or consent to a notice of removal is that nominal parties need not join the notice of removal. Shaw v. Dow Brands, Inc., 994 F. 2d 364 (7th Cir. 1993) and Northern Illinois Gas Co. v. Airco Industrial Gases, a Division of Airco, Inc., 676 F. 2d 270 (7th Cir. 1982).  A party is nominal if there is no reasonable basis for predicting that it will be held liable. Shaw, 994 F 2d 369 *citing* 14A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE §3731 n. 10.

In this matter, there is no reasonable basis to expect that Progressive and Progressive Casualty will or can be held liable.  PROGRESSIVE SPECIALTY issued the Policy to Muzumdar. [*See* the Policy attached to the Complaint.]  The dispute between Muzumdar and PROGRESSIVE SPECIALTY arises from UIM benefits provided in the Policy.  Muzumdar also

now complains about the way PROGRESSIVE SPECIALTY handled his claim for UIM benefits.

In their Rule 7.1 Disclosure Statement, the Defendants provide the nature of their relationship.  Progressive Casualty is a shareholder of PROGRESSIVE SPECIALTY, and through another entity, Progressive is the "parent" of Progressive Casualty.  In his Response, Muzumdar even asserts that Progressive and Progressive Casualty are the parents of PROGRESSIVE SPECIALTY.

Muzumdar has filed a case based on obligations in an insurance contract, both to provide UIM benefits and to act reasonably in providing those benefits. [Complaint.]  The parties to the contract are Muzumdar and PROGRESSIVE SPECIALTY.  There are *no* allegations in the Complaint attempting to "pierce the corporate veil" and hold PROGRESSIVE SPECIALTY's shareholders liable for the obligations of PROGRESSIVE SPECIALTY.  There is no reasonable basis to anticipate that Progressive and Progressive Casualty can be liable for the Policy obligations owed by PROGRESSIVE SPECIALTY to Muzumdar.

The Seventh Circuit was faced with a similar situation involving a parent corporation in the Shaw case.  In Shaw, the Seventh Circuit would not say that parent companies are *per se* nominal parties, but it held that Dow Chemical, sued as a parent, was a nominal party. Shaw, 994 F 2d 369.  In Shaw, there were no allegations of independent wrongdoing by the parent company.  In Shaw, the parent was joined because of the acts of the subsidiary and the Shaw court concluded that the parent was a nominal party.  Just as in Shaw, the Complaint has no allegations of independent wrongdoing by the parent companies.  Just as in Shaw, the parents, Progressive and Progressive Casualty, are nominal parties.

In his Response, Muzumdar attempts to rely on Forsythe v. Clark U.S.A., Inc., 224 Ill. 2d 274, 864 N.E.2d 227 (2007). Forsythe, however, is very different from Muzumdar's action. In Forsythe, plaintiffs allege specific actions by the parent company by alleging that Clark U.S.A. purportedly set a strategy that restricted the subsidiary's ability to address safety issues. In Forsythe, the allegations were different against the parent and the subsidiary; and the parent was a purported separate tortfeasor. In the Complaint, however, like in Shaw, there are no independent allegations against the parent companies, Progressive and Progressive Casualty. In this case, as in Shaw, the parent companies, Progressive and Progressive Casualty, are nominal parties and did not need to join or consent to the removal.

## VI. **REMOVING PARTY INFORMED THE COURT WHY OTHER DEFENDANTS DID NOT JOIN OR CONSENT TO THE REMOVAL**

Part of Muzumdar's argument for remand is that the removing party, PROGRESSIVE SPECIALTY, failed to set forth an explanation for why other Defendants did not join or consent to the removal. Muzumdar's Response provided the quote from Franke v. Heartland Express, Inc., 2001 WL 436214 (N.D.Ill. 2001):

> If not all defendants have consented, the defendant seeking removal must explain the absence of the co-defendants, and the failure to set out such an explanation renders the petition facially defective.

An objection concerning PROGRESSIVE SPECIALTY's informing the Court about the status of the non-joining Defendants is non-jurisdictional in nature. Such an objection would be time barred pursuant to the provisions of 28 U.S.C. §1447(c). Muzumdar did not raise this objection in his Motion to Remand or otherwise within 30 days of the filing of the Notice of

Removal.  Muzumdar's objection about the failure to inform the Court of the status of non-joining or consenting defendants is untimely, and thus waived

Even *if* Muzumdar's objection was timely, PROGRESSIVE SPECIALTY informed the Court about the status of the co-defendants.  In its Notice of Removal, PROGRESSIVE SPECIALTY informed the Court that the "other two legal entities named above are not legal entities." [Notice of Removal ¶ 3.]  The fact that a party is not a legal entity is an explanation why the party did not join or consent to the removal.  It would be impossible to legally obtain the consent of an entity that does not exist.  If leave to file the proposed Amended Notice of Removal is denied, then the allegations before this Court are that two of the Defendants are not legal entities; and that allegation would fulfill the explanation of why the co-defendants did not join or consent.

PROGRESSIVE SPECIALTY was mistaken in its Notice of Removal; however, this mistake is harmless and does not cause prejudice to Muzumdar.  Progressive and Progressive Casualty are legal entities, but they need not join or consent to the removal because they are nominal parties.  In its proposed Amended Notice of Removal, PROGRESSIVE SPECIALTY asserts that Progressive and Progressive Casualty were improperly added because they did not issue the Policy to Muzumdar and they cannot be liable to him. [proposed Amended Notice of Removal ¶ 9.]  While PROGRESSIVE SPECIALTY did not use the term "nominal party" in its proposed Amended Notice of Removal, it set forth all of the facts to inform this Court that Progressive and Progressive Casualty were nominal parties.  As analyzed in the previous section, Progressive and Progressive Casualty are nominal parties and they need not join or consent to the removal.  The proposed Amended Notice of Removal fully informs the Court about Progressive's and Progressive Casualty's status as nominal parties.

## VII. **CONCLUSION**

The case law and 28 U.S.C. §1653 allow the amendment of a Notice of Removal to correct defective or inartful pleadings. The Court should allow the filing of PROGRESSIVE SPECIALTY's proposed Amended Notice of Removal to clarify the amount in controversy in this matter.

Additionally, there is a mistake in PROGRESSIVE SPECIALTY's original Notice of Removal. The Court should allow the filing of PROGRESSIVE SPECIALTY's proposed Amended Notice of Removal so it has the accurate information concerning Progressive and Progressive Casualty before it.

In addition to opposing the filing of the proposed Amended Notice of Removal, Muzumdar argued for remand based on the lack of Defendants' "unanimity." This Honorable Court should deny Muzumdar's motion to remand based on the lack of Defendants' "unanimity" because the objection concerning unanimity is untimely, and therefore waived. Even if the objection based on unanimity was not waived, this Court should deny Muzumdar's motion to remand because Progressive and Progressive Casualty are nominal parties and did not need to join or consent to the removal.

Similarly, Muzumdar also asserted a motion to remand for PROGRESSIVE SPECIALTY's failure to inform the Court of the status of the non-joining Defendants. This Honorable Court should deny Muzumdar's motion to remand based on a failure to inform the Court of the status of non-joining Defendants because the objection is untimely, and therefore waived. Even if said objection was not untimely, this Court should deny Muzumdar's motion to

remand pursuant to this objection because PROGRESSIVE SPECIALTY did inform the Court about the status of non-joining Defendants in its pleading and its proposed pleading.

WHEREFORE, Defendant and removing party PROGRESSIVE SPECIALTY INSURANCE COMPANY prays that this Court enter an Order:

a) allowing the filing of the proposed Amended Notice of Removal;

b) denying Plaintiff's Motion to Remand concerning the issue of Defendants' unanimity.

c) denying Plaintiff's Motion to Remand concerning the issue of removing party's failure to inform the Court of the status of the non-joining and non-consenting Defendants.

d) for any other relief this Court deems is just and equitable.

                                          s/ Theodore C. Hadley
Chilton Yambert & Porter LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
Email: thadley@cyp-law.com
Attorney No. 6188423

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAGDISH D. MUZUMDAR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1672 |
| | ) | Honorable Joan Gottschall |
| v. | ) | Honorable Soat Brown |
| | ) | |
| THE PROGRESSIVE CORPORATION, PROGRESSIVE CASUALTY INSURANCE COMPANY and PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) | Matter removed from the Illinois 16th Judicial Circuit, Kane County |
| Defendants. | ) | 08 MR K 145 |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2008, I electronically filed the **DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS AMENDED NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notice to the following individuals:

Larry M. Amoni
Edward R. Peterka
Amoni Law Offices, P.C.
One North Constitution Drive
Aurora, IL 60506
amonilaw@aol.com

        s/ Theodore C. Hadley
        Chilton Yambert & Porter LLP
        150 South Wacker Drive, Suite 2400
        Chicago, Illinois 60606
        Telephone: (312) 460-8000
        Facsimile: (312) 460-8299
        Email: thadley@cyp-law.com
        Attorney No. 6188423