UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAGDISH D. MUZUMDAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1672 |
| v. | ) | |
| | ) | |
| THE PROGRESSIVE CORPORATION, | ) | Judge Joan B. Gottschall |
| PROGRESSIVE CASUALTY | ) | |
| INSURANCE COMPANY, and | ) | |
| PROGRESSIVE SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

**ORDER**

Before the court is a motion by defendant, Progressive Specialty Insurance Company ("Progressive"), for leave to file an amended notice of removal [18]. For the reasons stated below, the motion is denied and the case is remanded to state court.

**BACKGROUND**

Plaintiff, Jagdish D. Muzumdar ("Muzumdar"), was involved in a car accident. This case arises out of his dispute with his insurance company over coverage under an underinsured motorist coverage policy. On February 15, 2008, Muzumdar filed a two-count declaratory judgment complaint in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, against Progressive and two related corporate entities.[1] Defendant Progressive filed a Notice of Removal with this court on March 21, 2008 on the basis of diversity. Muzumdar filed a motion to remand on April 14, 2008. On April 22, 2004, Progressive filed a motion for leave to file an

---

[1] Although much of the parties' briefing concerns the joinder of the other two defendants in the notice of removal, that issue has no impact on the court's determination of this matter.

amended notice of removal to correct an error regarding the legal status of the other two defendants and to add facts to support the alleged amount in controversy.

## ANALYSIS

The parties concentrate on issues of timeliness and waiver in their briefs on the motion for leave to amend the notice of removal. However, a more expansive review of the issues raised by the pleadings is necessary to resolve this matter.

**A.     Count I**

In Count I of his "declaratory judgment complaint," Muzumdar seeks to compel an arbitration hearing. However, the complaint reveals that both parties have already agreed to arbitration and have even chosen arbitrators in accordance with the arbitration provision in the insurance policy. *See* Compl. ¶¶ 9-10; *id.* Ex. 1 at 24. Therefore, it is apparent from the face of the complaint that Muzumdar is not seeking to compel arbitration in the usual sense. *See* 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."). Rather, Muzumdar asks the court to set a date certain for an arbitration hearing in the hope it will resolve a discovery dispute over the details of an independent medical examination. *See id.* ¶¶ 11-31. Because the parties have already agreed to submit the subject matter of the dispute to arbitration, jurisdiction over discovery and scheduling issues rests with the arbitration panel. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) (holding in a labor contract dispute that "[o]nce it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its

final disposition should be left to the arbitrator"); *Niro v. Fearn Int'l, Inc.*, 827 F.2d 173, 177 (7th Cir. 1987) (finding that "[q]uestions of procedural slippage or shortfalls are for the arbitrator" where the parties intended the subject to be a matter of arbitration). There are some disagreements between the parties relating to arbitration evidence and timing, but no unwillingness on either side to submit the matter to arbitration. Therefore, there is no case or controversy appropriate to a federal judicial resolution, and the court lacks jurisdiction over Count I as a matter of law.[2]

**B.     Count II**

The court must now consider whether Count II, standing alone, can satisfy federal jurisdictional requirements. Diversity of the parties is satisfied, so the only question is whether the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (internal citations omitted). An estimate is acceptable, "if it is plausible and supported by a preponderance of the evidence." *Id.* at 511. "Attorneys' fees up to the time of removal also count toward the jurisdictional amount." *Id.* at 512.

In Count II, Muzumdar seeks "in excess of $50,000" plus fees and costs, as damages. The claim rests on § 155 of the Illinois Insurance Code, which provides a remedy for an insurance company's unreasonable delay in connection with arbitration proceedings. Progressive asserts that the amount in controversy is based on the amount in controversy in the underlying arbitration, almost $500,000. However, the fact that the court has no jurisdiction as a

---

[2]The court expresses no opinion about whether state law mandates the same conclusion.

matter of law over Count I compels a rejection of this argument; there is no petition to compel arbitration before the court, and the damages that could be awarded in arbitration are therefore not at issue. *Cf. Am. Bankers Life Assurance Co. v. Evans*, 319 F.3d 907, 908 (7th Cir. 2003) (finding that the amount in controversy for a petition to compel arbitration is the amount that would be at stake in the underlying controversy). Rather, the damages in contention are those raised explicitly in Count II, namely the statutory damages under § 155, which provides that:

> In any action by or against a company wherein there is in issue the liability of a Company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> (b) $60,000;
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 Ill. Comp. Stat. 5/155 (2004). Under § 155, therefore, Muzumdar could be awarded $60,000 or a sum based on his recovery in arbitration, plus fees and costs. Progressive advances no evidence on what the likely damage award might be. The amount of an award under § 155 sub-sections (a) and (c) is entirely speculative at this stage and an award of $60,000 under § 155(b) would not, alone, satisfy the amount in controversy requirement. Progressive has submitted no evidence regarding accumulated attorney's fees, but it is improbable that Muzumdar has amassed more than $15,000 in fees at this point. Therefore, the court finds that Progressive has not carried its burden to establish jurisdiction for the § 155 claim. *See also Atteberry v. Esurance Ins. Servs., Inc.*, 473 F. Supp. 2d 876, 877 (N.D. Ill. 2007) (Shadur, J.) (remanding where the sole basis for the amount in controversy was § 155 of the Illinois Insurance Code).

Because Count I cannot provide a basis for federal jurisdiction as a matter of law and Count II does not support a finding of an amount in controversy in excess of $75,000, the court concludes that any amendment to the notice of removal would be futile. Therefore, the court does not reach the parties' arguments on waiver and timeliness.

**C.      Compliance With Rule 5.2**

Progressive filed, as an exhibit to its amended notice of removal, a copy of Muzumdar's answers to interrogatories. This unredacted document does not comply with Federal Rule of Civil Procedure 5.2 which provides that "in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date . . . a party . . . may include only: (1) the last four digits of the social-security number . . .; [and] (2) the year of the individual's birth . . . ." Fed. R. Civ. P. 5.2(a). The court orders Progressive to conform its pleading with Rule 5.2(a) within five days of this order.

CONCLUSION

For the foregoing reasons, defendant's motion for leave to file an amended notice is denied. Because it is apparent from the complaint that the court does not have subject matter jurisdiction, plaintiff's motion to remand to the Illinois 16th Judicial Circuit, Kane County, is granted. The Clerk of this court is ordered to mail the certified copy of the remand order forthwith. Progressive shall conform its pleading with Rule 5.2(a) within five days of this order.

ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:   June 10, 2008